ing tires from his employer. Employes of the defendant were not allowed to drive their cars onto company property; they were obliged to park their cars on the street. The company rules were violated when Kenny's car was driven to the rear door of the plant. Moreover there was a strong suspicion that the tires in his automobile belonged to the employer. However there was no proof that Kenny stole the tires. There is evidence in the testimony of Pardi that there were shortages every month, from pilfering, in the company's inventories, both before and after the one month of Kenny's employment. The defense that an employe sustained injuries in the course of an act in direct violation of law is an affirmative defense, *Haas v. Brotherhood of Transp. Workers*, 158 Pa. Superior Ct. 291, 44 A. 2d 776, and the burden of proof rests on the employer to establish this defense by the clear preponderance of evidence approximating that required in a criminal case. *Skiba v. Nick Calvitti Coal Co.*, 153 Pa. Superior Ct. 628, 34 A. 2d 921. At the remand hearing this issue also will be before the compensation authorities. Hansberry may be able to throw some light on this material question.

For these purposes the case is remanded for further proceedings on all issues.

## Knapp *v*. Atlantic Refining Company, Appellant.

Argued September 21, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*H. Barton Off*, with him *Harry Rosenblum*, for appellant.

*Sol R. Gitman*, for appellee.

OPINION PER CURIAM, November 11, 1959:
The six judges who heard the argument of this case being equally divided in opinion, the order is affirmed.

Tesauro *v*. Chestnut Corporation, Appellant.

